11-2648-cv
Hogan v. Novartis Pharmaceuticals Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 29th day of August, two thousand twelve.

Present:    ROBERT A. KATZMANN,
            RICHARD C. WESLEY,
            PETER W. HALL,
                    *Circuit Judges.*

_____

KARLENE HOGAN, Surviving Spouse and Executor of the Estate of Timothy Hogan, Deceased,

                    *Plaintiff-Appellant*,


                    - v -                          No. 11-2648-cv

NOVARTIS PHARMACEUTICALS CORPORATION,

                    *Defendant-Appellee.*[*]

_____

For Plaintiff-Appellant:    DANIEL A. OSBORN, Osborn Law, P.C., New York, N.Y.

For Defendant-Appellee:    BRUCE J. BERGER, Hollingsworth LLP, Washington, D.C. (Jesse J. Graham II, Rivkin Radler LLP, Uniondale, N.Y., *on the brief*).

_____

[*] The Clerk of Court is directed to amend the official caption as shown above.

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Karlene Hogan appeals a May 9, 2011 memorandum decision and order of the United States District Court of the Eastern District of New York (Cogan, *J.*), which became a final, appealable order on May 26, 2011, denying plaintiff's motion to amend the Second Amended Joint Pretrial Order pursuant to Federal Rule of Civil Procedure 16(e). We assume the parties' familiarity with the underlying facts and procedural history in this products liability case.

In her brief to this Court, Hogan avers that the district court erred in precluding her from taking a *de bene esse* deposition of Dr. Steven Brown ("Dr. Brown"). In her notice of appeal, however, Hogan only sought review of the district court's decision to "preclud[e] plaintiff from presenting the testimony of Dr. Steven Brown live or by live video feed during the trial of this matter." J.A. 378. Accordingly, as this Court's "jurisdiction is limited by the wording of the notice," it cannot review plaintiff's appeal from the denial of her request for a *de bene esse* deposition. *New Phone Co. v. City of New York*, 498 F.3d 127, 130 (2d Cir. 2007) (per curiam); *see* Fed. R. App. P. 3(c).

We turn next to the issue properly raised before us: whether the district court erred in denying plaintiff's request to have Dr. Steven Brown testify at trial via live video feed. We review a "trial court's decision to amend or modify a pretrial order" for abuse of discretion. *Potthast v. Metro-North R.R. Co.*, 400 F.3d 143, 153 (2d Cir. 2005).

2

Federal Rule of Civil Procedure 16(e) provides that a court "may modify the order issued after a final pretrial conference only to prevent manifest injustice." "This does not mean that a pretrial order is a legal strait-jacket binding the parties and court to an unwavering course at trial." *Manley v. AmBase Corp.*, 337 F.3d 237, 249 (2d Cir. 2003) (internal quotation marks omitted). Instead, this Court has held that "[d]istrict courts have considerable discretion in the management of trials, and this necessarily includes a certain amount of latitude to deviate from the terms of a pretrial order." *Id.* (internal quotation marks and brackets omitted). Factors to consider include:

> (1) the prejudice or surprise in fact to the opposing party; (2) the ability of the party to cure the prejudice; (3) the extent of disruption of the orderly and efficient trial of the case; and (4) the bad faith or willfulness of the non-compliant party. Prejudice to the party seeking amendment or modification of the order is also relevant, as a trial court should not refuse to modify a pre-trial order where manifest injustice will result.

*Potthast*, 400 F.3d at 153 (quoting *Rapco, Inc. v. Comm'r*, 85 F.3d 950, 953 (2d Cir. 1996)).

For substantially the reasons given in the May 9, 2011 memorandum opinion and order, we find that the district court acted well within its discretion in declining Hogan's eleventh hour request to modify the Second Amended Joint Pretrial Order. Apart from Dr. Brown's "understandably busy schedule," Hogan failed to offer any reason for the tardiness of her request, and there were no developments rendering Brown's testimony more important than when the Second Amended Joint Pretrial Order was filed. J.A. 372. Additionally, if Dr. Brown was permitted to testify at trial, Novartis Pharmaceuticals Corporation ("defendant" or "NPC") would have been "faced with the prospect of either scrambling to Rhode Island . . . after the jury [was] picked to defend the deposition, or re-jiggering its expert testimony to dispute any new contentions made by Dr. Brown, or both." J.A. 373. While some prejudice to a defendant may

3

be acceptable in light of the general preference for live testimony at trial, the district court did not abuse its discretion in finding that here the level of prejudice to the defendant was undue "given the timing and lack of good cause." *Id.*

Hogan makes principally four arguments, none of which have merit. First, Hogan contends that "defendant cannot claim surprise," Appellant's Br. at 14, and that NPC "would [not] have been prejudiced in fact by . . . having to . . . cross-examin[e]" Dr. Brown at trial, *id.* at 15. NPC, however, had reasonably conducted its trial preparation with assurances that the testimony identified in the parties' deposition designations would constitute the entirety of Brown's testimony. NPC and the district court justifiably assumed that Brown's testimony would or could expand during a live examination, and the court reasonably concluded that NPC would be prejudiced if forced to prepare for new testimony so close to the beginning of trial.

Second, Hogan asserts that the district court erred because it failed to consider ways in which it could cure any prejudice to NPC. But as nothing in the record indicates that Hogan presented any options, the district court could not have erred in failing to consider them.

Third, plaintiff points out that "[t]here is no evidence even suggesting that [she] acted in bad faith." *Id.* at 17. While Hogan may not have acted in bad faith, the problem she faced was clearly one of her own making. Dr. Brown could not be compelled to testify because Hogan elected to file her case in the United States District Court for the Eastern District of New York, one-hundred miles from Rhode Island. Additionally, there were numerous opportunities where Hogan could have brought this issue to the district court's attention.

Finally, Hogan contends that the district court did not acknowledge the significance of Dr. Brown's testimony to her case. But the district court's May 9, 2011 memorandum opinion

4

and order makes clear that Judge Cogan was aware of the importance of Dr. Brown's testimony. The opinion refers to Dr. Brown as a "critical witness" and notes the court's surprise that the plaintiff failed to take steps to introduce his live testimony. J.A. 372. However, when assessing the significance of Dr. Brown's live testimony, the district court was also allowed to consider that Hogan was able to introduce Dr. Brown's deposition testimony, including his opinion that NPC's drug caused Hogan's deceased husband's injury. Further, Hogan concedes that she was able to present to the jury the entirety of the evidence she would have presented had Brown testified by live video feed. *See* Appellant's Br. at 15-16 ("Plaintiff did not seek Dr. Brown's testimony to advance any new opinions or claims; she simply wanted his testimony to be complete and presented in a more trial appropriate manner.").

We have considered Hogan's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK